**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Dale E. Holloway, Jr.

    v.                                      Case No. 21-cv-456-JD

State of New Hampshire et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is N.H. State Prison inmate Dale E. Holloway, Jr.'s petition for a writ of habeas corpus (Doc. No. 1), filed under 28 U.S.C. § 2241, challenging his pretrial detention at the Hillsborough County Department of Corrections ("HCDOC"). The matter is here to determine whether the claims raised in the petition are facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); § 2254 Rule 1(b); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Review Standard**

A judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to

---

[1] The proper respondent in this action is Mr. Holloway's current custodian, the Warden of the N.H. State Prison.

dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Mr. Holloway's pleadings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

When Mr. Holloway filed this petition, he was in pretrial detention for two criminal cases that were then pending in New Hampshire state courts, State v. Holloway, No. 226-2019-cr-814 (N.H. Super. Ct., Hillsborough Cty.-S.D.) ("Holloway I"), and State v. Holloway, No. 216-2019-cr-1856 (N.H. Super. Ct., Hillsborough Cty.-N.D.) ("Holloway II").

Holloway I is still pending in the state Superior Court. In that case, Mr. Holloway is charged with attempted murder, assault, and being a felon in possession of a firearm, arising from a shooting at a church in Pelham, New Hampshire. Mr. Holloway has been held without bail in pretrial detention in Holloway I since October 2019. Mr. Holloway filed a state "Petition for Writ of Habeas Corpus" in Holloway I, seeking release on personal recognizance, asserting that his detention violated his due process rights. The Superior Court denied that

petition on May 11, 2021 after a hearing.[2]  Mr. Holloway is presently representing himself in Holloway I, and the Superior Court has appointed an attorney to serve as standby counsel as to procedural or evidentiary matters.[3]  Jury selection in Holloway I is scheduled for January 24, 2022.[4]

In Holloway II, Mr. Holloway was charged with, and then convicted of, assaulting the attorney who had been representing him in Holloway I, while they were meeting at the HCDOC in October 2019.  On May 27, 2021, Mr. Holloway pleaded guilty in Holloway II and was sentenced to serve 7½ to 15 years in prison.[5]  Mr. Holloway is presently serving that sentence at the N.H. State Prison.  See July 6, 2021 Change of Address (Doc. No. 6).

Before pleading guilty in Holloway II, Mr. Holloway had filed a state habeas petition in the N.H. Supreme Court ("NHSC"), under NHSC Rule 11, challenging the legality of his

---

[2]May 11, 2021 Order, Holloway I, https://www.courts.state.nh.us/caseinfo/pdf/Holloway/051121Holloway-order.pdf (last visited June 17, 2021).

[3]July 14, 2021 Order on Standby Counsel, Holloway I, https://www.courts.state.nh.us/caseinfo/pdf/Holloway/071421Holloway-order.pdf  (last visited July 28, 2021).

[4]July 14, 2021 Case Structuring Order, Holloway I, https://www.courts.state.nh.us/caseinfo/pdf/Holloway/071421Holloway814-order2.pdf (last visited July 28, 2021).

[5]May 27, 2021 Sentencing Order, Holloway II, https://www.courts.state.nh.us/caseinfo/pdf/Holloway/052721Holloway1856-sentsheet.pdf (last visited June 17, 2021).

Holloway I and Holloway II indictments and detention orders. The NHSC denied that petition on April 15, 2021.[6]

In the instant § 2241 petition, Mr. Holloway claims that he was detained pretrial in Holloway II in violation of his Fourteenth Amendment right to due process, that the conditions of his confinement at the HCDOC amounted to abuse and neglect, that his right to a speedy trial in both Holloway I and Holloway II has been denied, and that the trials in those cases will place him in jeopardy twice in violation of the Double Jeopardy Clause. In his petition here, Mr. Holloway seeks a hearing, release from confinement, dismissal of his state indictments, and temporary restraining orders ("TROs") directed at specific state judges, the Hillsborough County Attorney's Office, the Hillsborough County Sheriff's Department, and the N.H. Attorney General's Office, ordering them to prevent the HCDOC from abusing or neglecting Mr. Holloway.[7]

---

[6] In re Holloway, No. 2021-0054 (N.H. Apr. 15, 2021), https://www.courts.state.nh.us/caseinfo/pdf/Holloway/041521HollowaySCT-Order.pdf (last visited June 17, 2021).

[7] Mr. Holloway previously filed a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2241, asserting similar claims. See Holloway v. Hillsborough Cty. Dep't of Corr., No. 21-cv-205-PB (D.N.H.). The court dismissed that petition on April 1, 2021 for lack of exhaustion of state remedies. See Apr. 1, 2021 Order, id. (ECF No. 5).

**Discussion**

I. Bail Reform Act and the United States

Mr. Holloway has cited the Bail Reform Act, 18 U.S.C. § 3142, as the authority for filing his habeas petition, and he has named the United States as a respondent in this case. The Bail Reform Act authorizes the pretrial detention of defendants in federal criminal cases. The United States is not Mr. Holloway's custodian, and no federal court has issued any detention order affecting Mr. Holloway. Accordingly, the Bail Reform Act's provisions do not apply, and claims intended to arise under that authority should be dismissed. In addition, the United States is not properly identified as a respondent in this case and should be dropped as a party.

II. Claims Challenging HCDOC Conditions

Mr. Holloway's transfer to the N.H. State Prison has mooted all of his claims for injunctive relief challenging the conditions of his confinement at the HCDOC. See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (except where damages are sought, "[a] prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release," as "'he no longer has a legally cognizable interest in a judicial decision on the merits of his claim'" (citation omitted)). Accordingly, Mr. Holloway's claims challenging the

5

HCDOC conditions, including his abuse-and-neglect claims and his request for TROs or other injunctive relief to address those claims, are properly dismissed from this action, without prejudice to his ability to assert similar claims for damages in a civil rights complaint.

III. Claims Relating to *Holloway II*

When Mr. Holloway filed this petition, he remained in pretrial detention at the HCDOC pursuant to orders issued in both Holloway I and Holloway II.  After filing this petition, Mr. Holloway pleaded guilty in Holloway II and was transferred to the N.H. State Prison to serve the sentence imposed in that case.  A petitioner's conviction moots the petition he filed under § 2241 challenging his pretrial detention.  "If a petitioner 'is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted.'"  Gonzales v. United States, 765 F. App'x 420, 421 (10th Cir. 2019) (citation omitted).  Accordingly, the district judge should dismiss all of Mr. Holloway's claims challenging the validity of his pretrial confinement in Holloway II in light of his conviction in that case.

IV.   Claims Relating to *Holloway I*

   A.   *Younger* Abstention

Mr. Holloway has asserted Fourteenth Amendment due process claims, Sixth Amendment fair trial and speedy trial claims, and Fifth Amendment double jeopardy claims, all challenging the validity of his prosecution and pretrial detention in Holloway I. Under Younger v. Harris, 401 U.S. 37 (1971), absent extraordinary circumstances, federal courts must generally abstain from considering the merits of federal constitutional claims asserted by state criminal defendants seeking to enjoin a state criminal prosecution, or to obtain a declaratory judgment that could affect ongoing state criminal prosecutions.  See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013); Doe v. Donovan, 747 F.2d 42, 44 (1st Cir. 1984).

> Because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," Kugler v. Helfant, 421 U.S. 117, 124 (1975), federal courts may intervene only in "extraordinary circumstances," Younger, 401 U.S. at 53, such as when the prosecution is done in bad faith or to harass or when the state criminal law is flagrantly unconstitutional, see id. at 53-54

Patton v. Bonner, No. 20-5531, 2021 U.S. App. LEXIS 10080, at *3-4, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021).  Here, the ongoing Holloway I prosecution satisfies the prerequisites for Younger abstention, as the state criminal prosecution remains

7

pending, resolution of the charged criminal offenses necessarily implicates important state interests, and Mr. Holloway has not alleged facts indicating that the state courts have not or will not provide him the opportunity to advance his federal rights in that case.

"With only two exceptions to date," namely, (1) credible claims of double jeopardy violations and (2) claims of speedy trial violations if the relief requested is an immediate trial, "the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues," on the basis of Younger abstention.  In re Justices of the Super. Ct., 218 F.3d 11, 17-18 & n.5 (1st Cir. 2000) (footnote omitted) (citing, inter alia, Allen v. Att'y Gen'l, 80 F.3d 569, 572 (1st Cir. 1996) (federal habeas petition that raises "a colorable claim of former jeopardy" need not invariably await trial and conviction); see also Graham v. Maine, No. 2:20-cv-00315-JDL, 2020 U.S. Dist. LEXIS 184185, at *3, 2020 WL 6811492, at *1 (D. Me. Oct. 5, 2020) ("'[c]ourts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances'" (citation omitted)), R&R approved, 2020 U.S. Dist. LEXIS 243246, 2020 WL 7753684 (D. Me. Dec. 29, 2020).

Here, the relief requested in Mr. Holloway's petition is dismissal of the charges and release from custody, not an immediate trial. His speedy trial claims, seeking dismissal of charges, are properly dismissed under Younger, see In re Justices, 218 F.3d at 17-18 n.5. And the double jeopardy claims in the petition, which arise from the prospect of a trial in Holloway I following Holloway II, is not the type of "credible" or "colorable" double jeopardy claim arising from a threat of being twice put in jeopardy for the same offense, that could warrant finding an exception to Younger abstention to be applicable here. See In re Justices, 218 F.3d at 17-18 n.5; Allen, 80 F.3d at 572; Doe, 747 F.2d at 44.

The few remaining extraordinary circumstances -- where abstention is not required – include: state proceedings brought in bad faith or for purposes of harassment, cases in which the state forum provides inadequate protection of federal rights, and circumstances where the state statute at issue in the proceedings is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted). Mr. Holloway has pleaded no facts suggesting that any exceptions to Younger abstention are applicable to his claims. Accordingly, the district judge should abstain from ruling on the claims Mr. Holloway has asserted here.

9

B. <u>Exhaustion</u>

The exhaustion requirement that courts generally apply to § 2241 petitions provides a separate basis for dismissing Mr. Holloway's claims concerning <u>Holloway I</u>. Inmates in state custody, including inmates in pretrial detention, must exhaust their state remedies before seeking federal habeas relief. <u>See</u> <u>Bancroft v. Massachusetts</u>, 525 F. Supp. 2d 237, 241 (D. Mass. 2007); <u>see also</u> <u>Timms v. Johns</u>, 627 F.3d 525, 530-31 (4th Cir. 2010). To satisfy that requirement,

> a petitioner must "raise all claims in state court prior to raising them in a federal habeas corpus petition," and, in doing so, "'fairly present' each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" Put otherwise, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

McPherson v. Lamont, 457 F. Supp. 3d 67, 76 (D. Conn. 2020) (citations omitted). The exhaustion requirement may be deemed satisfied in New Hampshire when the NHSC has had one full, "fair opportunity" to correct the claimed constitutional error, either in the context of a direct appeal or in a collateral review proceeding. <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988) (internal quotation marks and citation omitted).

Mr. Holloway filed a petition for habeas relief in the state Superior Court in <u>Holloway I</u>, asserting due process claims

10

challenging his pretrial detention in that case, resembling the federal constitutional claims he has asserted in this case. The Superior Court in Holloway I denied that petition after a hearing. As Holloway I remains pending, Mr. Holloway has not yet provided the state's highest court a fair opportunity to review those issues.

Mr. Holloway's filings in the NHSC in February through April 2021, predating the Superior Court's pertinent May 11, 2021 Order on his state habeas petition, do not appear to have exhausted his state remedies on the claims pending here. The NHSC construed those filings collectively as a Rule 11 state habeas petition, and then summarily denied relief, applying the standard under NHSC Rule 11, which states that relief will be granted on such petitions only "when there are special and important reasons for doing so." NHSC R.11(1). Absent a showing that the NHSC in fact ruled on the merits of those claims or that he is now otherwise barred under state law from litigating the same claims in a direct appeal or in other state collateral proceedings, the record here does not demonstrate that his prior Rule 11 filings exhausted his state remedies on those claims. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (inmate had not demonstrated exhaustion of state remedies merely by listing his federal claims in state petition addressed directly to state's highest court, bypassing any proceedings in

the lower state courts, where state's highest court had summarily denied inmate's petition and its rules allowed for such petitions to be granted only for special and important reasons); see also Morehouse v. Cunningham, No. 98-304-M, 1999 WL 813917, at *3 (D.N.H. Apr. 9, 1999) (petitioner's Rule 11 petition for original review in the NHSC "did not fairly present [petitioner's] claims to the state courts for exhaustion purposes").  Here, as in Castille, the NHSC's order denying the Rule 11 petition does not, standing alone, provide a basis for finding that the claims at issue have been exhausted.

Furthermore, Mr. Holloway has not demonstrated that any exception to the exhaustion requirement is applicable here.  Cf. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) ("'[e]xceptions to the exhaustion requirement are appropriate where . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action'" (citation omitted)); Cuevas v. Pennsylvania, No. 1:19-CV-1733, 2020 U.S. Dist. LEXIS 68609, at *10, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (declining to excuse exhaustion for pretrial detainee asserting speedy trial and ineffective assistance of counsel claims).  Accordingly, the district judge should dismiss Mr. Holloway's § 2241 petition for failure to demonstrate that he has exhausted his state remedies on his Holloway I claims.

12

**Certificate of Appealability ("COA")**[8]

When the district court denies a habeas petition filed by a state inmate on procedural grounds without reaching the underlying constitutional claims, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see also 28 U.S.C. § 2253(c)(2).  Here, Mr. Holloway has not made any substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that mootness, Younger abstention, and the unsatisfied exhaustion requirement bar further review of Mr. Holloway's claims relating to Holloway I and Holloway II.  A COA is properly denied in this case.

---

[8] See Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of [28 U.S.C.] § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.").  But cf. Gonzalez v. Justices of Mun. Ct., 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), vacated on other grounds, 544 U.S. 918 (2005), reinstated, 420 F.3d 5 (1st Cir. 2005).

## Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition (Doc. No. 1) in its entirety, without prejudice; the district judge should decline to issue a certificate of appealability; judgment should be entered; and the case should be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 3, 2021

cc: Dale E. Holloway, Jr., pro se