UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dale E. Holloway, Jr.

   v.                                     Civil No. 21-cv-456-JD

State of New Hampshire, et al.

O R D E R

Dale E. Holloway, Jr., who is an inmate at the New Hampshire State Prison, brought a pro se petition under 28 U.S.C. § 2241 in which he challenged his pretrial detention at the Hillsborough County Department of Corrections ("HCDOC"). On preliminary review, the magistrate judge concluded that Holloway did not allege a cognizable claim under § 2241 and recommended that the petition be dismissed without prejudice. After seeking and being granted extensions of time, Holloway filed an objection to the report and recommendation.

Background

Holloway filed the petition in this case while he was being held in pretrial detention in two criminal cases in New Hampshire state courts.

In State v. Holloway, No. 226-2019-cr-814 (N.H. Super. Ct., Hillsborough Cty.-S.D.) ("Holloway I") Holloway is charged with attempted murder, assault, and being a felon in possession of a

firearm, which arose from a shooting at a church in Pelham, New Hampshire.  Holloway I remains pending, and Holloway is representing himself.

While charges in Holloway I were pending, Holloway was charged and then convicted of assaulting the attorney who was representing him in Holloway I.  State v. Holloway, No. 216-2019-cr-1856 (N.H. Super. Ct., Hillsborough Cty.-N.D.) ("Holloway II").  Holloway was held without bail in pretrial detention in both cases until he began serving his sentence of seven and a half to fifteen years in Holloway II.  Holloway challenged the indictments and detention orders in Holloway I and Holloway II in state court.

The magistrate judge identified the following claims raised in Holloway's § 2241 petition:

(1) that he was detained pretrial in Holloway II in violation of his Fourteenth Amendment right to due process,

(2) that the conditions of his confinement at the HCDOC amounted to abuse and neglect,

(3) that his right to a speedy trial in both Holloway I and Holloway II has been denied, and

(4) that the trials in those cases will place him in jeopardy twice in violation of the Double Jeopardy Clause. By way of remedy, Holloway is seeking a hearing, release from

confinement, and dismissal of his state indictments. He is also seeking temporary restraining orders directed at specific state judges, the Hillsborough County Attorney's Office, the Hillsborough County Sheriff's Department, and the New Hampshire Attorney General's Office to have them prevent the HCDOC from abusing or neglecting Holloway.

In the report and recommendation, the magistrate judge held that the Bail Reform Act, cited by Holloway, did not apply and that the United States was not a proper party because Holloway is a state prisoner. The magistrate judge held that Holloway's transfer to the New Hampshire State Prison caused his claims for injunctive relief aimed at the conditions of his confinement at HCDOC to be moot. Holloway's claims related to detention based on <u>Holloway II</u> were moot because of his conviction. The magistrate judge concluded that the <u>Younger</u> abstention doctrine applied to all of Holloway's claims arising from <u>Holloway I</u> and recommended that the court abstain from ruling on those claims. In addition, the exhaustion requirement precluded the claims arising from <u>Holloway I</u>. Based on those determinations, the magistrate judge recommended that the court dismiss the § 2241 petition in its entirety, without prejudice, decline to issue a certificate of appealability, enter judgment, and close the case.

Discussion

The magistrate judge's report and recommendation is reviewed by the district judge but only to the extent the affected party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Holloway has filed a lengthy and prolix objection to the report and recommendation that primarily attacks the proceedings in Holloway I and Holloway II.  He reiterates his allegations from his petition about his mental illness and his challenges to pretrial detention and appears to raise new and inapplicable theories.  He submits letters provided by family members and third parties.

To the extent Holloway addresses the merits of the report and recommendation, Holloway asserts that the magistrate judge is biased against him and has violated various provisions of the New Hampshire Code of Judicial Conduct.[1]  In support of his assertion of bias, Holloway points to rulings made against him in a prior case he filed in this court, along with the adverse report and recommendation in this case.  A party's dissatisfaction with a judge's rulings, however, do not support a showing of bias.  Liteky v. United States, 510 U.S. 540, 555

---

[1] The New Hampshire rules apply to state court judges, not to a magistrate judge in the federal system.  Nevertheless, Holloway has not shown any violation of those rules.

(1994); United States v. Laureano-Perez, 797 F.3d 45, 73-74 (1st Cir. 2015). Nothing about the magistrate judge's rulings in the prior case or in this case show or even suggest bias.

Holloway presents no persuasive objection to the magistrate judge's report and recommendation.

## Conclusion

For the foregoing reasons, the report and recommendation to dismiss the petition in its entirety, without prejudice, (document no. 4) is approved and adopted.

Because the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A DiClerico, Jr.*
Joseph A DiClerico, Jr.
United States District Judge

October 12, 2021

cc: Dale E. Holloway, Jr. pro se.